UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIA CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-00701 (RC) |
| | ) |
| DISTRICT OF COLUMBIA MAYOR, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this *pro se* action removed from the Superior Court of the District of Columbia, Plaintiff sues the District of Columbia asserting on behalf of her minor son claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1491*o*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 42 U.S.C. 12101-12213.  Not. of Removal, ECF No. 1 at 1; Am. Compl., ECF No. 19.  Pending before the Court is Defendant's Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the motion is GRANTED.

### II. BACKGROUND

#### A. Factual Allegations

Plaintiff claims that the Social Justice Public Charter School in Washington, D.C. discriminated against her minor son, M.W., a disabled student who "has an IEP" or Individualized Education Plan.  Am. Compl. at 1.  Plaintiff alleges (1) that on December 5, 2023, during "an incident, . . . a staff member (social worker) put[] his hands on" M.W. "in a [unintelligible] way knowing he has a disability" and (2) that at some point, M.W. "was told that

he couldn't come back to school by the Dean of Social Justice [Charter] School" but "the executive director and principal at the school [later] denied" that M.W. "was ever suspended." Am. Compl. at 1-2; *see id*. at 4 ("They told me Oct. 30, 2023 that he was never suspended."). "So that resulted in" M.W. "missing his [special] education for Oct. 20, 2023," without a full or fair investigation of the incident. *Id*. at 2. Citing the ADA, Plaintiff seeks $3.5 million in "compensatory damages." *Id*. at 1.

### B. Legal Framework

The IDEA was enacted "to guarantee a free and appropriate public education (FAPE) to disabled students." *Capital City Pub. Sch. v. Gambale*, 27 F. Supp. 3d 121, 124 (D.D.C. 2014). A FAPE must "emphasize[ ] special education and related services designed to meet the[ ] unique needs" of disabled students "and prepare them for further education, employment, and independent living." *Lague v. District of Columbia*, 130 F. Supp. 3d 305, 311 (D.D.C. 2015) (quoting 20 U.S.C. § 1400(d)(1)(A)). "All 'states and territories, including the District of Columbia, that receive federal education assistance must establish policies and procedures to ensure, among other things, that . . . [a] FAPE[ ] is available to disabled children' within their school districts." *Gambale*, 27 F. Supp. 3d at 124 (alterations in original) (quoting *Branham v. Gov't of the Dist. of Columbia*, 427 F.3d 7, 8 (D.C. Cir. 2005)). And "[a] free and appropriate public education entitles 'each child with a disability' to an 'individualized education program' that is tailored to meet his or her unique needs." *Henry v. District of Columbia*, 750 F. Supp. 2d 94, 96 (D.D.C. 2010) (quoting 20 U.S.C. §§ 1414(d)(1)(A)–(2)(A)). "If a child's initial evaluation suggests he is entitled to a FAPE, IDEA then requires the school district to create and implement an IEP, which is the 'primary vehicle' for implementing the Act." *Lesesne ex rel.*

*B.F. v. District of Columbia*, 447 F.3d 828, 830 (D.C. Cir. 2006) (quoting *Honig v. Doe,* 484 U.S. 305, 311 (1988)).

Since August 1, 2017, "each public charter school" in the District is required to be "its own local educational agency for the purpose of Part B of IDEA and section 504 of the Rehabilitation Act (29 U.S.C. § 794)," and none can "elect to be treated as a District of Columbia public school" for such purposes.   D.C. Code § 38-1802.10(c), (c-1); *see id.* § 38-1802.04(c)(5) (listing the IDEA, Rehabilitation Act, and ADA among the federal anti-discrimination laws applicable to a D.C. public charter school).   Additionally, each public charter school (1) "exercise[s] exclusive control over its expenditures, administration, personnel, and instructional methods," (2) is "exempt from District of Columbia statutes, policies, rules, and regulations established for the District of Columbia public schools by the Superintendent, Board of Education, Mayor, District of Columbia Council, or Authority," and (3) can "sue and be sued in [its] own name."   D.C. Code § 38-1802.04(b)-(c).

### III.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests.   Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).   A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint."   *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).   The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim.   *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).

It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted). And "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## IV. DISCUSSION

The District argues that it is not the proper defendant. Def.'s Mem. at 1, 5-10. The Court agrees.

In response to the motion to dismiss, Plaintiff mostly criticizes M.W.'s social worker who allegedly "is license[d] and insured under a government entity (D.C. Health)," Pl.'s Opp'n, ECF No. 16 at 1-3, but is identified in the complaint as "a staff member." Am. Compl. at 1. Accepting the truth of the sparse allegations, the Court may reasonably infer that the social worker's actions fall solely within the charter school's purview, and the school "can . . . be sued in [its] own name" for violating the IDEA, Rehabilitation Act, and ADA. D.C. Code § 38-1802.04(b). On the flip side, Plaintiff has not accused a D.C. employee of wrongdoing and alleged a factual scenario where the District could be liable as a municipality for the deprivation

4

of a right "secured by" the federal "laws" invoked. 42 U.S.C. § 1983; *see Givens v. Bowser*, 111 F.4th 117, 122 (D.C. Cir. 2024) (to establish municipal liability, a plaintiff must plead "facts that plausibly support" one of "four types of municipal policies" ranging from "an official policy explicitly adopted by D.C." to inaction showing the District's "deliberate indifference to the potential" for constitutional or statutory violations).

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has stated no viable claim against the District of Columbia and, therefore, dismisses the complaint. A separate order accompanies this Memorandum Opinion.

_____/s/_____<br>
RUDOLPH CONTRERAS<br>
United States District Judge

Date: March 17, 2025